UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW W. B.,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. 3:21-cv-05012-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13.

## I.    ISSUES FOR REVIEW

A. Is the ALJ's Decision Constitutionally Defective?

B. Did the ALJ Properly Evaluate the Medical Opinion Evidence?

C. Did the ALJ Properly Evaluate Plaintiff's Subjective Testimony?

D. Did the ALJ Properly Evaluate a Lay Witness Statement?

## II.    BACKGROUND

On September 13, 2018, Plaintiff filed an application for disability insurance benefits, alleging in that application a disability onset date of March 8, 2016.

1

Administrative Record ("AR") 192–93. Plaintiff's application was denied upon initial review and upon reconsideration. AR 93–94. A hearing was held before Administrative Law Judge ("ALJ") Malcolm Ross on October 24, 2019, at which Plaintiff requested a continuance to obtain representation; another hearing before the same ALJ took place on February 19, 2020. AR 31–44, 45–81. On March 23, 2020, the ALJ issued a decision finding that Plaintiff was not disabled. AR 15–30. On November 3, 2020, the Social Security Appeals Council denied Plaintiff's request for review. AR 1–5.

Plaintiff seeks judicial review of the ALJ's decision. Dkt. 1.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

In this case, the ALJ found that Plaintiff had the severe, medically determinable impairments of a prior spinal fusion at L5-S1 vertebrae, mild degenerative change of the lumbar spine and thoracolumbar junction, cervical degenerative disc disease, and myofascial pain. AR 20. Based on the limitations stemming from these impairments, the ALJ found that Plaintiff could perform a reduced range of light work. AR 21. Relying on vocational expert ("VE") testimony, the ALJ found at step four that Plaintiff could perform his past relevant work as an academic dean, but also found Plaintiff could perform other

light, unskilled jobs at step five of the sequential evaluation; therefore, the ALJ determined at both steps four and five that Plaintiff was not disabled. AR 24–25.

### A. Whether the ALJ's decision was constitutionally defective

Plaintiff argues that the statutory restriction on the President's removing the Social Security Administration Commissioner was unconstitutional under *Collins v. Yellen*, and *Seila Law LLC v. CFPB*, as interpreted by the Office of Legal Counsel. *Constitutionality of the Commissioner of Social Security's Tenure Protection,* 45 Op. O.L.C. __ (July 8, 2021) https://www.justice.gov/olc/file/1410736/download. Plaintiff relies on *Collins v. Yellen,* 141 S. Ct. 1761 (2021), *Seila Law LLC v. Consumer Fin. Prot. Bureau,* 140 S. Ct. 2183 (2020), and *Lucia v. SEC,* 138 S. Ct. 2044 (2018) and contends the Court is required to remand the case for a de novo agency hearing, because the ALJ was not acting pursuant to properly delegated authority, therefore the ALJ did not have legal authority to review this case and make a decision. Dkt. 12 at 17–19.

If a separation of powers violation occurred as a result of the 42 U.S.C. § 902(a)(3) statutory language, then plaintiff has a right, shared by everyone in this country, to bring a challenge under the separation of powers doctrine only if they have Article III standing to invoke the Court's jurisdiction under *Collins v. Yellen,* 141 S. Ct. 1761 (2021), and *Seila Law LLC v. Consumer Fin. Prot. Bureau*, 140 S. Ct. 2183 (2020). To have standing, plaintiff must show he is an aggrieved party—he must establish there is a nexus between the Constitutional violation and an unlawful action of the ALJ in his specific case, and that he has a compensable injury to be redressed. *Collins,* 141 S. Ct. at 1787, 1788, n.23, and n.24; *see also, TransUnion LLC v. Ramirez,*

141 S.Ct. 2190, 2205-2206 (2021) (even if plaintiff can show a violation of federal law, in order to invoke the federal court's jurisdiction and Article III standing, plaintiff must show they have suffered concrete "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts"); *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 37-38 (1976) (clarifying that Article III standing is focused on the plaintiff, and whether, assuming the justiciability of the claim, plaintiff has alleged a personal stake in the outcome to justify the federal court's exercise of jurisdiction; the standing inquiry is not focused on the issues plaintiff seeks to adjudicate).

Plaintiff argues that all actions taken by former Commissioner Saul – including all actions taken by ALJs who served during her tenure – would be void because of the allegedly unconstitutional removal provision. The Court in *Collins* rejected this argument. *Collins,* at 1779.

In *Collins*, the plaintiffs showed they had property rights that were injured, and the injury was traceable to the FHFA's actions (actions pursuant to a decision made during the Director's tenure and implemented for many years thereafter), and a decision in plaintiff's favor could lead to an award of relief sought by plaintiff; by contrast, in this case, plaintiff cannot meet any of the three-part criteria to establish Article III standing. Under the Court's holding, in order to establish Article III standing, plaintiff is required to show that she suffered compensable harm as a result of the Constitutional separation of powers violation. *Collins v. Yellen,* 141 S. Ct. at 1787, 1788 n.23, and n.24; *see Decker Coal Company v. Pehringer,* 8 F.4th 1123, 1136-1138 (9th Cir. 2021) (plaintiff brought a separation of powers challenge to the Department of Labor ALJ's authority under

1  *Collins v. Yellen* and *Seila Law* – but failed to show any indication that the ALJ took
2  unlawful action, nor did plaintiff make any showing of a nexus between the allegedly
3  unconstitutional removal provisions and plaintiff's specific case, nor any compensable
4  harm; the Court declined to remand for a new hearing).

5        Here, plaintiff has not made any showing of how this alleged constitutional
6  violation caused any compensable harm in his specific situation. *Collins,* at 1779
7  ("plaintiff must show that it has suffered an 'injury in fact' that is 'fairly traceable' to the
8  defendant's conduct and would likely be 'redressed by a favorable decision.'" (quoting
9  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-561 (1992)). Plaintiff is not required to
10 show that the ALJ would have decided his appeal differently and awarded benefits—but
11 for the statutory issue identified as a potential separation of powers violation by the
12 Office of Legal Counsel. *Constitutionality of the Commissioner of Social Security's*
13 *Tenure Protection,* 45 Op. O.L.C. __ (July 8, 2021)
14 https://www.justice.gov/olc/file/1410736/download. *Seila Law LLC v. Consumer Fin.*
15 *Prot. Bureau*, 140 S. Ct. 2183, 2196 (2020) (in order to show traceability, the litigant is
16 not required to show the U.S. Government's conduct would have been different if the
17 Government had acted with proper authority under the Constitution).

18       Yet Plaintiff must show compensable harm. *See Decker Coal Company v.*
19 *Pehringer,* 8 F.4th 1123, 1137 (9th Cir. 2021) ("Here, the ALJ lawfully exercised power
20 that he possessed by virtue of his appointment, which the Secretary ratified before the
21 ALJ adjudicated the claim. Absent a showing of harm, we refuse to unwind the
22 decisions below.")

1    Because plaintiff has not shown any compensable harm fairly traceable to the
2    actions of former Commissioner Saul, under *Collins v. Yellen,* 141 S. Ct. 1761,1788
3    (2021), the plaintiff's situation is distinguishable from the plaintiff's claims in *Collins*;
4    plaintiff has failed to establish standing and the Court need not address the plaintiff's or
5    defendant's additional arguments.

**B. Whether the ALJ properly evaluated the medical opinion evidence**

Plaintiff challenges the ALJ's evaluation of a medical opinion from W. Daniel Davenport, M.D., as well as the opinions of the non-examining medical consultants. Dkt. 12, p. 3.

Plaintiff summarizes other medical evidence without making any substantive argument about the ALJ's evaluation of this evidence. Dkt. 12, pp. 3–6. The Court will not consider matters that are not "'specifically and distinctly'" argued in the plaintiff's opening brief. *Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (quoting *Paladin Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1164 (9th Cir. 2003)). The Court thus does not consider the ALJ's evaluation of any opinions other than those specifically raised.

1. Medical Opinion Standard of Review

Under current Ninth Circuit precedent, an ALJ must provide "clear and convincing" reasons to reject the uncontradicted opinions of an examining doctor, and "specific and legitimate" reasons to reject the contradicted opinions of an examining doctor. *See Lester v. Chater*, 81 F.3d 821, 830–31 (9th Cir. 1995).

The Social Security Administration, for applications filed on or after March 27, 2017, changed the regulations applicable to evaluation of medical opinions. Hierarchy

among medical opinions has been eliminated, but ALJs are required to explain their reasoning and specifically address how they considered the supportability and consistency of each opinion. Under these regulations, for claims filed on or after March 27, 2017, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The Commissioner's new regulations still require the ALJ to explain their reasoning, and to specifically address how they considered the supportability and consistency of the opinion. *See* 20 C.F.R. §§ 404.1520c, 416.920c; *see also,* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01 (Jan. 18, 2017). In addition, the 2017 regulations provide that physician's assistants are acceptable medical sources for providing opinions. 20 C.F.R. 404.1502(a)(8).

Regardless of whether a claim pre- or post-dates this change to the regulations, an ALJ's reasoning must be supported by substantial evidence and free from legal error. *Ford v. Saul*, 950 F.3d 1141, 1153-56 (9th Cir. 2020) (citing *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008)); *see also Murray v. Heckler*, 722 F.2d 499, 501–02 (9th Cir. 1983).

Under 20 C.F.R. § 416.920c(a), (b)(1)-(2), the ALJ is required to explain whether the medical opinion or finding is persuasive, based on whether it is supported and whether it is consistent. *Brent S. v. Commissioner, Social Security Administration*, No. 6:20-CV-00206-BR, 2021 WL 147256 at *5 - *6 (D. Oregon January 16, 2021).

2. Opinion of Dr. Davenport

Dr. Davenport examined Plaintiff on November 3, 2018, and proffered diagnoses of chronic mid- to upper-back muscular tenderness and pain and chronic lumbar degenerative disc disease. AR 325. Dr. Davenport opined that Plaintiff would be limited to a maximum of standing and walking for two to three hours per day; sitting for four to six hours per day; lifting and carrying 15 to 20 pounds; occasionally kneeling, crouching, and crawling; frequent reaching, handling, fingering, and feeling; and never working at heights, around heavy machinery, temperature extremes, chemicals, dust, fumes, gases or excessive noise. AR 326.

Plaintiff does not challenge the ALJ's finding that Dr. Davenport's opinion was persuasive but, rather, avers that the ALJ's opinion fails to account for Dr. Davenport's finding that Plaintiff had reduced grip strength and that Plaintiff would need to "be able to take breaks when needed and take the stress off of his upper back and shoulder areas." AR 326. In response, the Commissioner asserts that the ALJ adopted an RFC consistent with Dr. Davenport's findings that Plaintiff could frequently, but not constantly, perform manipulative activity, and properly disregarded Dr. Davenport's opinion that Plaintiff would need to take breaks when needed. However, the ALJ did not state any reason for omitting the opinion on needing to take breaks, and the reasons supporting such a finding as asserted in the Commissioner's brief were not relied upon by the ALJ. Without such a finding, there is no way for this Court to review whether the ALJ's assessment was reasonable. "Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc* rationalizations that attempt to intuit what the

adjudicator may have been thinking." *Bray v. Commissioner of Social Security Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S. Ct. 1575, 91 L. Ed. 1995 (1947)). Accordingly, the ALJ erred in rejecting this limitation requiring periodic breaks without providing an explanation as to why.

### 3. Harmless Error

The Commissioner avers that any error in omitting this limitation was harmless. Dkt. 19, p. 25. Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.

In this case, the Commissioner points to the vocational expert's testimony indicating that a person performing Plaintiff's past relevant work as an academic dean would be "given great latitude" to take breaks as needed. Dkt. 19, p. 25. However, Plaintiff points to the vocational expert's testimony indicating that a need for excessive breaks, to the point of causing an inability to complete tasks in a timely fashion, would prevent him from performing his past relevant work. Dkt. 12, p. 16. Because the ALJ's error may have affected the ultimate disability determination, remand is required.

### 4. Opinions of Non-Examining Medical Consultants

Plaintiff argues that the ALJ erred in relying on prior administrative findings from state agency medical consultants Drew Stevick, M.D., and J.D. Fitterer, M.D., because these consultants "failed to consider or account for [Plaintiff's] testimony about his symptoms and limitations." Dkt. 12, p. 6. Plaintiff cites no authority for his proposition.

*Id.* Indeed, if his argument had merit, it would prevent ALJs from relying on prior administrative findings in nearly every case, because the Plaintiff's hearing usually occurs after the state agency review. *See Chandler v. Comm'r of Soc. Sec.,* 667 F.3d 356, 361 (3rd Cir. 2011) ("[B]ecause state agency review precedes ALJ review, there is always some time lapse between the consultant's report and the ALJ hearing and decision.").

The Social Security regulations expressly permit reliance on prior administrative findings, 20 C.F.R. § 404.1520c(b)(3) (2017), and "impose no limit on how much time may pass between a report and the ALJ's decision in reliance on it." *Chandler,* 667 F.3d at 361. Here, the ALJ reviewed the prior administrative findings alongside the other evidence in the record, including Plaintiff's testimony. AR 21–23. He found the prior administrative findings persuasive but ultimately adopted most of the more restrictive limitations from Dr. Davenport's report, save those discussed above, *supra* Section IV.A.1. *See* AR 23. The ALJ did not err in finding these opinions persuasive.

**C. Whether the ALJ properly evaluated Plaintiff's subjective testimony**

Plaintiff contends that the ALJ failed to properly evaluate his own testimony regarding the severity of his symptoms, and that this was harmful error. Dkt. 12, p. 6. The Court agrees.

To reject a claimant's subjective complaints, the ALJ's decision must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995) (citation omitted).  The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id.*; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the

ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester*, 81 F.3d at 834. "[B]ecause subjective descriptions may indicate more severe limitations or restrictions than can be shown by medical evidence alone," the ALJ may not discredit a subjective description "solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

Plaintiff alleged disability due primarily to spine impairments. AR 21, 83. He alleged that his symptoms limited his ability to lift, be on his feet more than two to three hours total, perform all listed postural activities, reach, and use his hands. AR 21, 252–57, 291, 293. He further alleged that he had severe headaches and significant problems with dropping things. AR 23, 56, 62–65.

In evaluating this testimony, the ALJ reasoned that it was (1) inconsistent with the objective medical evidence and (2) inconsistent with Plaintiff's history of conservative treatment. AR 22.

With respect to the first reason, an inconsistency with the objective evidence may serve as a clear and convincing reason for discounting a claimant's testimony. *Regennitter v. Comm'r of Social Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1998). But an ALJ's decision may not reject a claimant's subjective symptom testimony "solely because the degree of pain alleged is not supported by objective medical evidence." *Orteza v. Shalala*, 50 F.3d 748, 749-50 (9th Cir. 1994); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995) (applying rule to subjective complaints other than pain).

Here, the ALJ found that imaging reports from 2018 showed only mild degenerative changes in Plaintiff's lower back and minimal degenerative changes in the

11

1  neck. AR 22 (citing AR 319, 328). The ALJ found that this was consistent with physical
2  examination results that showed reduced grip strength and limited range of motion in
3  the neck, back, hips and knees, as well as a positive straight leg raise, but otherwise
4  normal results. AR 22 (citing AR 324–25). In addition, the ALJ noted that while magnetic
5  resonance imaging ("MRI") reports from late 2019 showed central disc extrusion and
6  protrusion and moderate bilateral neural foraminal stenosis in the cervical and thoracic
7  spine, Plaintiff continued to have mostly normal examination results, and his pain
8  symptoms were believed to be myofascial. AR 363–66.

9  The ALJ's reliance on objective imaging and tests does not account for the
10 nature of myofascial pain syndrome, "a chronic pain disorder where pressure on
11 sensitive points in the muscles (trigger points) causes pain in seemingly unrelated parts
12 of the body." *Cordova v. Colvin*, 2015 WL 4451418 (C.D. Cal. July 20, 2015). Myofascial
13 pain syndrome can cause "acute and chronic pain not associated with neurologic or
14 bony evidence of disease." *Brunson v. Barnhart*, 2002 WL 393078 (E.D.N.Y. March 14,
15 2002) (citing *Stedman's Medical Dictionary* (5th ed. 1982). The ALJ could not discount
16 Plaintiff's complaints on the basis of inconsistency with objective evidence, particularly
17 where the ALJ found Plaintiff to suffer from a severe impairment the effects of which
18 were not quantifiable in ordinary physical examinations and imaging.

19 With respect to the ALJ's second reason, "although a conservative course of
20 treatment can undermine allegations of debilitating pain, such fact is not a proper basis
21 for rejecting the claimant's credibility where the claimant has a good reason for not
22 seeking more aggressive treatment." *Carmickle v. Commissioner, Social Sec. Admin.*,
23 533 F.3d 1155, 1162 (9th Cir. 2008) (citing *Orn v. Astrue*, 495, 638 (9th Cir. 2007).

24
25

Here, Plaintiff stated in a function report that he was "trying to avoid pain medications because [he] would have to be on them almost constantly." AR 259. Later medical records indicate that Plaintiff took ibuprofen and marijuana, but do not indicate the frequency with which he consumed either. *See* AR 359, 362. And, notes in the record indicate that Plaintiff had also briefly tried oxycodone and methocarbomol after a 2015 spinal surgery, as well as physical therapy, injections, and chiropractic treatment, but his symptoms persisted. AR 363. The ALJ failed to account for Plaintiff's primary reasons for not seeking more aggressive treatment—the addiction potential of many pain medications and the ineffectiveness of those treatments he had tried. This was error.

**D. Whether the ALJ properly evaluated lay witness testimony**

Plaintiff challenges the ALJ's assessment of lay witness testimony from his wife. Dkt. 12, p. 15.

Plaintiff's wife wrote that Plaintiff had difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, and climbing stairs. AR 246. While the ALJ wrote that he considered Ms. Grave de Peralta's statement, which mentioned how Plaintiff's impairments limited his ability to work and perform activities of daily living, the ALJ did not state the extent to which he credited this testimony or give reasons why he rejected the limitations therein. AR 21.

Because the Court is remanding this case for a new hearing, the ALJ will have an opportunity to consider lay witness evidence, including Plaintiff's wife's statement.

**E. Remand with Instructions for further proceedings**

"'The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" *Trevizo v. Berryhill*, 871 F.3d 664,

682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and the record is uncertain and ambiguous, the court should remand to the agency for further proceedings. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017). Likewise, if the court concludes that additional proceedings can remedy the ALJ's errors, it should remand the case for further consideration. *Revels*, 874 F.3d at 668.

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only where

> "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand."

*Trevizo*, 871 F.3d at 682-83 (quoting *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit emphasized in *Leon v. Berryhill* that even when each element is satisfied, the district court still has discretion to remand for further proceedings or for award of benefits. 80 F.3d 1041, 1045 (9th Cir. 2017).

Here, plaintiff asks that the Court remand for an award of benefits based on the ALJ's errors in evaluating Plaintiff's testimony, lay witness testimony, and the medical opinion evidence. The Court has determined that the ALJ erred in evaluating Plaintiff's testimony, in addition to failing to fully incorporate Dr. Davenport's limitations in the RFC or explain why the statement regarding Plaintiff's need to take irregular breaks was omitted.

The effect of this limitation and of the limitations described in Plaintiff's testimony, if it included in the RFC, is not clear and must be resolved before benefits may be awarded. "In any event, the ALJ is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti*, 533 F.3d 1035, 1042 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039–40 (9th Cir. 1995)). Remand is required so that the ALJ may evaluate Plaintiff's testimony, lay witness testimony, and Dr. Davenport's opinion, as well as any new evidence and any new testimony from Plaintiff, and determine whether Plaintiff is disabled.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred when he/she determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for a new hearing; the ALJ is directed to re-evaluate the medical record, take new evidence as necessary, re-evaluate the Plaintiff's statements, and re-assess the Plaintiff's RFC and determine whether Plaintiff meets the criteria for disability.

Dated this 21st day of January, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge